■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAMON REYES, Respondent. [680 NYS2d 493] —Order, Supreme Court, New York County (John Bradley, J.), entered on or about May 21, 1997, which granted defendant's motion pursu-

ant to CPL 440.10 (1) (g) to vacate a judgment rendered March 25, 1988, convicting him, after a jury trial, of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree, on the ground of newly discovered evidence, unanimously reversed, on the law, the motion denied and the judgment reinstated.

Defendant was indicted in May 1987 for illegal possession of narcotics and a weapon after the police found more than 4 ounces of cocaine and a loaded gun in a car in which defendant was a passenger. A *Mapp/Huntley* hearing was held on February 22, 1988, after which the court denied defendant's motion to suppress in all respects. The court found the prosecution's only witness at the hearing, Police Officer Parson (Parson), to be credible, and rejected defendant's arguments that the stop of the car was unlawful and that his statement to the police that the cocaine belonged to him had been coerced. Defendant was convicted of both charged crimes and was sentenced on March 25, 1998. We affirmed defendant's conviction in November 1990, and leave to appeal to the Court of Appeals was denied in January 1991 (*People v Reyes*, 167 AD2d 116, *lv denied* 77 NY2d 842).

In 1996, Parson was convicted of the crimes of tampering with public records, falsifying business records and filing a false instrument in connection with a 1991 incident where he allegedly stole money from a suspected drug dealer and falsified police reports. He was sentenced to five years probation and 500 hours of community service.

In 1997, defendant filed a *pro se* motion to vacate his conviction pursuant to CPL 440.10 (1) (g) and (h) on the grounds of newly discovered evidence and the ineffective assistance of counsel.* The newly discovered evidence claim was based on Parson's 1996 criminal conviction. In his motion, defendant argued that the outcome of the suppression hearing and trial would likely have been different had the evidence of Parson's conviction been available, since Parson was the only witness at the suppression hearing and his crucial testimony at trial regarding his observation of the gun in plain view was not corroborated by his partner. In opposition, the People argued that Parson's conviction was not the type of newly discovered evidence warranting vacatur of a conviction since it was not material to the issue of defendant's possession of the drugs and the gun, but rather was merely general, impeachment mate-

---

* On this appeal by the People, we do not address the propriety of the motion court's rejection of defendant's ineffective assistance of counsel argument.

rial. By order entered on or about May 21, 1997, the trial court granted defendant's motion, finding that the result of the suppression hearing and trial might have been different had Parson's conviction for falsifying evidence been available.

The order should be reversed and the judgment of conviction reinstated. A court may vacate a criminal conviction rendered after trial on the grounds of newly discovered evidence where such evidence (1) will probably change the result if a new trial is granted; (2) is discovered since the previous trial; (3) was not discoverable before the trial by the exercise of due diligence; (4) is material to an issue at defendant's trial; (5) is not cumulative; and (6) is not merely impeachment testimony (*People v Salemi*, 309 NY 208, 215-216, *cert denied* 350 US 950; *People v Gurley*, 197 AD2d 534, 535; CPL 440.10 [1] [g]).

The evidence of Parson's 1996 conviction is not newly discovered evidence warranting vacatur of defendant's conviction since it fails to meet the fourth and sixth criteria mentioned above, namely, that the evidence is material and not merely impeachment evidence. The evidence is not material because it has nothing to do with defendant's case. The illegal acts committed by Parson occurred *three years after* defendant was convicted, and therefore have no logical bearing on whether the defendant possessed drugs and a gun three years before. The irrelevance of these acts to defendant's case is underscored by defendant's own trial testimony, during which he admitted that the drugs and gun were in the car, but disclaimed ownership of them. Since defendant admitted the prosecution's version of the facts, but merely offered an innocent explanation for them, Parson's misconduct would not have materially aided his defense (*see, People v Martin*, 240 AD2d 5, *lv denied* 92 NY2d 856 [discovery that officers who testified against defendant at suppression hearing were being investigated for corruption did not require vacatur of plea where information related only to witnesses' general credibility, and not defendant's factual guilt, which was otherwise established by defendant's admissions]).

The sixth criterion was also not met since Parson's conviction constituted only general impeachment material (*see, People v Vasquez*, 214 AD2d 93 [arrest of police officer who testified at defendant's trial four months after defendant was sentenced was not newly discovered evidence since it was merely impeachment material, and his testimony was duplicated by partner]; *see also, People v Major*, 222 AD2d 284, *lv denied* 88 NY2d 989). Defendant's reliance on *Alvarez v United States* (808 F Supp 1066 [SD NY 1992]) is misplaced, as there the

District Court concluded that the perjury of a key government witness in several other cases, shortly after defendant's trial, gave rise to a strong possibility that the defendant was innocent. Here, in contrast, Parson's illegal conduct in an unrelated incident, three years after defendant's trial, had no bearing on defendant's guilt or innocence in this case. Concur—Ellerin, J. P., Williams, Mazzarelli and Andrias, JJ.