◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DUKES, Appellant. [726 NYS2d 554] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered December 3, 1984, convicting defendant, after a nonjury trial, of murder in the second degree, and sentencing him to a term of 22 years to life, and order, same court and Justice, entered on or about October 17, 1997, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the court's determinations concerning credibility (*see, People v Gaimari*, 176 NY 84, 94). The credible testimony and surrounding circumstances warranted the conclusion that defendant shot and killed the deceased. Our review of the sufficiency and weight of the evidence is limited to the evidence actually introduced at trial. To the extent that defendant is arguing that his CPL 440.10 motion alleging newly discovered evidence should have been granted, we conclude that the motion was properly denied. After a thorough hearing, the court properly found that the alleged new evidence, consisting essentially of unreliable recantations that were themselves recanted, impeachment material of little or no value, and evidence that could have been discovered earlier with due diligence, did not justify setting aside the conviction (*see,* CPL 440.10 [1] [g]; *People v Salemi*, 309 NY 208, 215-216; *People v Shilitano*, 218 NY 161; *see also, People v Reyes*, 255 AD2d 261, *lv denied* 92 NY2d 1053).

The trial record clearly establishes that the terms of the cooperation agreement of the People's main witness were fully revealed by the witness during cross-examination. Accordingly, defendant's due process claim in this regard is unavailing (*see, People v Kitchen*, 162 AD2d 178, *lv denied* 76 NY2d 941).

Defendant's claim that the People failed to turn over documents constituting *Rosario* and *Brady* material is not properly before this Court because it is based on allegations dehors the record. Although the instant claim is based on submissions made in support of a CPL 440.10 motion decided in 1992, those submissions are not before us since defendant never obtained leave to appeal to this Court from the denial of that motion (*People v Bailey*, 275 AD2d 663, *lv denied* 95 NY2d 960).

Review of defendant's constitutional speedy trial claim is impeded by his failure to provide a complete set of the minutes of the hearing on his speedy trial motion or the minutes of the pertinent adjournments relative to the postarrest delay, all of which formed the basis for the court's ruling (*see, People v Castillo*, 265 AD2d 188, *lv denied* 94 NY2d 878). In any event, an analysis of the *Taranovich* factors indicates that defendant was not deprived of his constitutional right to a speedy trial (*People v Taranovich*, 37 NY2d 442). We note that the prearrest delay resulted from difficulties in locating defendant, that relatively little of the postarrest delay is attributable to the People and that defendant has not established that his defense was prejudiced by the delay. Concur—Rosenberger, J. P., Williams, Tom, Andrias and Marlow, JJ.