UNITED STATES of America, Appellee,

v.

Ramon REYES, Defendant–Appellant.

No. 04–5481–cr.

United States Court of Appeals, Second Circuit.

Sept. 6, 2006.

Susan V. Tipograph, New York, NY, for Appellant.

Christine Meding, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Southern District of New York, Katherine Polk Failla, Assistant United States Attorney), New York, NY, for Defendant–Appellee.

Present: Hon. ROSEMARY S. POOLER, Hon. RICHARD C. WESLEY, Hon. PAUL R. MICHEL,[1] Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Ramon Reyes appeals from a judgment of conviction entered on October 12, 2004, in the district court following a two-phase jury trial. During the first phase, Reyes was found guilty of distributing and possessing with intent to distribute heroin, in violation of 21 U.S.C. § 841, and of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(1). During the second phase of the trial, Reyes was found guilty

of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Reyes was sentenced to a total of 117 months' imprisonment to run concurrently with the undischarged portion of a New York State sentence that Reyes was required to serve for a previous felony conviction. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

On appeal, Reyes challenges only his conviction for possessing a firearm after having been convicted of a felony. In particular, Reyes contends that the district court erred in failing to instruct the jury that the government was required to prove, beyond a reasonable doubt, that Reyes knew that he was a convicted felon at the time he possessed the firearm on October 17, 2001. Reyes claims that on that date, he did not know of his felon status because he was unaware that the New York State Appellate Division, First Department, had reinstated his felony conviction, which had earlier been vacated by the New York Supreme Court. *See People v. Reyes*, 255 A.D.2d 261, 680 N.Y.S.2d 493 (1st Dep't 1998).[2] In support of his claim that the jury charge was erroneous, Reyes relies principally upon the dissenting opinion in *United States v. Langley*, 62 F.3d 602 (4th Cir.1995) (en banc), which rejected the *Langley* majority's view that the general knowledge *mens rea* requirement applicable to 18 U.S.C. § 922(g)(1) does not extend to the felon status element of the felon-in-possession offense.

We acknowledge that the dissent in *Langley* has some persuasive force. *See*

---

1. Hon. Paul R. Michel, Chief Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

2. On January 22, 1999, the New York Court of Appeals denied Reyes's application for

leave to appeal the Appellate Division's judgment reinstating the conviction. *People v. Reyes*, 92 N.Y.2d 1053, 685 N.Y.S.2d 431, 708 N.E.2d 188 (1999).

*Langley,* 62 F.3d at 613–19 (Phillips, J., concurring in part and dissenting in part). The government did, however, offer proof at trial of Reyes's knowledge of the reinstatement of his conviction. In particular, the government submitted certified copies of correspondence addressed to Reyes, his attorney,[3] and the New York County District Attorney's Office, informing those parties of the reinstatement of Reyes's conviction and sentence. The letter addressed to Reyes stated unequivocally that "the judgment rendered against you in the above entitled action is reinstated." Supp. App. at 48. The letter further ordered Reyes to surrender himself on December 21, 1998, to serve the remainder of his sentence and warned him that a bench warrant for his arrest could be issued in the event that he failed to appear. This letter was sent to Reyes's last known address.

Significantly, Reyes never submitted any evidence supporting his claim that he did not know of the reinstatement of his conviction. Even though the district court indicated it would allow Reyes to offer proof that he did not receive notice of the reinstatement of his conviction, Reyes never contested his receipt of the notice of reinstatement. In fact, he never even claimed that the address to which the notice of reinstatement was sent was not his current address at the time. Indeed, Reyes did nothing more than make the claim, through his attorney and in the jury's absence, that "he never became aware that his conviction was reinstated and that it was his belief at the time he was arrested on the [felon-in-possession] charge in October of 2001 that he ... had not been convicted of a prior felony."[4]

In light of all of the evidence, and considering the complete absence of evidence in support of Reyes's claim that he did not know of the reinstatement of his felony conviction at the time of his arrest, it appears beyond a reasonable doubt that, even if the district court's failure to charge knowledge of felony status was erroneous, that error "did not contribute to the verdict obtained" and therefore was harmless. *Neder v. United States,* 527 U.S. 1, 15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (quoting *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). Accordingly, we do not find it necessary to rule on the issue of whether the felon-in-possession statute requires the government to prove the defendant's knowledge of his felon status.

For the reasons set forth above, the judgment of the district court is hereby Affirmed.

---

3. In an order dated November 13, 1997, the New York State Appellate Division, First Department, upon Reyes's own motion, appointed counsel to represent Reyes in the People's appeal. Order Granting Mot. for Assignment of Counsel, Nov. 13, 1997.

4. During the first phase of the trial pertaining to the drug charges Reyes did testify. Most of his testimony focused on his claim that the informant set him up. Although he briefly discussed his N.Y. C.P.L. 440 motion and the circumstances surrounding his release from prison, he never discussed his claim that he did not know of the reinstatement of his felony conviction at the time of his arrest.