06-5793-cr
USA v. Reap

UNITED STATES COURT OF APPEALS<br/>FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand ten.

Present:    ROBERT A. KATZMANN,
            PETER W. HALL,
                        *Circuit Judges*,
            PAUL G. GARDEPHE,
                        *District Judge.*[*]

---

UNITED STATES OF AMERICA,

                        *Appellee*,

            - v -                              No. 06-5793-cr

JOHN F. REAP,

                        *Defendant-Appellant.*

---

For Defendant-Appellant:        MARSHA R. TAUBENHAUS, New York, N.Y.

For Appellee:                   ELIZABETH S. RIKER, Assistant United States
                                Attorney (Richard R. Southwick, Assistant
                                United States Attorney, *on the brief*), *for*
                                Richard S. Hartunian, United States Attorney
                                for the Northern District of New York,
                                Syracuse, N.Y.

---

[*] The Honorable Paul G. Gardephe, United States District Judge for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** in part and the judgment of the district court is **AFFIRMED** in part.

Defendant-appellant John F. Reap appeals from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*), entered December 14, 2006, convicting Reap, following his entry of a plea of guilty, of one count of transporting child pornography in interstate commerce in violation of 18 U.S.C. §§ 2252A(a)(1) and 2256(8)(A) and one count of possessing approximately 1,800 rounds of ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and sentencing Reap principally to 210 months' imprisonment. Pursuant to his plea agreement, Reap waived his right "to appeal or collaterally attack his conviction and any sentence of imprisonment of 262 months or less." Def.-Appellant App. 34. Reap nevertheless argues that he is entitled to appeal his § 922(g)(1) conviction – on the ground that there is an insufficient factual basis to support his guilty plea – and to challenge his sentence as procedurally and substantively unreasonable. We assume familiarity with the underlying facts and procedural history.

Generally speaking, a defendant's knowing and voluntary waiver of his right to appeal a conviction and sentence within an agreed-upon guideline range is valid and enforceable. *See United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam). A defendant nevertheless may seek relief from an agreed-upon appeal waiver if it can be shown that the plea itself was not knowing and voluntary, *see United States v. Ready*, 82 F.3d 551, 556-57 (2d Cir. 1996), where sentencing was based on a constitutionally impermissible factor such as bias, *see*

2

*United States v. Haynes*, 412 F.3d 37, 39 (2d Cir. 2005) (per curiam), or where the government breaches the plea agreement, *see United States v. Garcia*, 166 F.3d 519, 521 (2d Cir. 1999) (per curiam). None of these situations is present here.

Reap nevertheless argues that the appeal waiver is unenforceable because (1) it purported to waive Reap's right to appeal a sentence above the applicable statutory maximum; (2) it was obtained without adequate consideration from the government; and (3) he agreed to the appeal waiver on the basis of ineffective assistance of counsel. We disagree.

*First*, Reap contends that his appeal waiver purported to preclude him from appealing a sentence above the statutory maximum. The appeal waiver did no such thing, however, because Reap faced a combined statutory maximum sentence of 30 years' imprisonment, significantly above the sentence of 262 months referenced in the appeal waiver. Although the district court chose to have Reap's sentences run concurrently, that fact does not render Reap's appeal waiver unenforceable given that the court "imposed a sentence within the range outlined in the agreement." *United States v. Rosa*, 123 F.3d 94, 97 (2d Cir. 1997). To the extent that Reap complains that the district court failed to inform him of "any maximum possible penalty" that he faced pursuant to Fed. R. Crim. P. 11, any purported failure in that respect was harmless, as nothing in the record indicates that Reap would not have entered into the plea had he known of the actual, greater statutory maximum of 30 years. *See United States v. Westcott*, 159 F.3d 107, 113 (2d Cir. 1998) ("[I]t cannot be said on the basis of the record below that the district court's error in stating the maximum had any affect whatever on [defendant's] decision to plead guilty.") (internal quotation marks and alterations omitted).

*Second*, Reap argues that the plea agreement is "notable for its lack of concessions from the government," Def. Br. at 44, and thus unenforceable due to lack of consideration. Broadly

3

stated, we examine plea agreements using principles of contract law. *United States Salcido-Contreras*, 990 F.2d 51, 52 (2d Cir. 1993) (per curiam). Contracts are not valid unless supported by adequate consideration, and it is accordingly now well settled in this Circuit that "a guilty plea can be challenged for contractual invalidity, including invalidity based on a lack of consideration." *United States v. Brunetti*, 376 F.3d 93, 95 (2d Cir. 2004) (per curiam). The analogy between commercial contracts and plea agreements "can only be carried so far," however, *United States v. Parilla-Tirado*, 22 F.3d 368, 371 (1st Cir. 1994), and it is well established that every time a defendant pleads guilty he receives some built-in benefits, particularly given the leniency typically given to defendants who plead guilty, as opposed to those who stand trial, *see Corbitt v. New Jersey*, 439 U.S. 212, 224 n.14 (1978). *See* U.S.S.G. § 3E1.1 (providing for reductions in offense level for acceptance of responsibility); *United States v. Arteca*, 411 F.3d 315, 321 (2d Cir. 2005) ("in pleading guilty, [defendant] earned a three-level reduction from his base offense level for acceptance of responsibility — a benefit that he would have lost had he gone to trial"); *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005) ("The plea agreement process permitted [defendant] and the government to allocate risk, to obtain benefits, to achieve finality and to save resources."); *Rosa*, 123 F.3d at 97 ("[P]lea agreements can have extremely valuable benefits to both sides — most notably, the defendant gains reasonable certainty as to the extent of his liability and punishment, and the Government achieves a conviction without the expense and effort of proving the charges at trial beyond a reasonable doubt"); *see also Brady v. United States*, 397 U.S. 742, 752 (1970) ("For a defendant who sees slight possibility of acquittal, the advantages of pleading guilty and limiting the probable penalty are obvious — his exposure is reduced, the correctional processes can begin immediately, and the practical burdens of a trial are eliminated.").

4

Here, the benefits that Reap received in exchange for pleading guilty and waiving his right to appeal are obvious. Broadly speaking, he avoided having to defend against the government's case, which by any account was strong, eliminated any element of risk in proceeding to trial, and obtained the government's agreement to a guidelines range of 210-262 months. Moreover, and critically, in exchange for pleading guilty Reap received a three-level reduction in his offense level for acceptance of responsibility. Although Reap argues that this benefit is "meaningless," Def. Reply Br. at 12 n.6, the record makes clear that the applicable guidelines range was reduced from 292-365 months to 210-262 months, a significant reduction. In light of this substantial benefit, and given that it is undisputed that the government has not in any way reneged on a promise or breached the plea agreement, we see no need for any further consideration in support of Reap's appeal waiver.

*Third*, Reap contends that "[d]efense counsel's acquiescence to such an unfavorable [plea] bargain . . . was, on its face, ineffective," thus rendering his appeal waiver invalid. Def. Br. at 45. We disagree. "An ineffective assistance of counsel claim survives the guilty plea or the appeal waiver only where the claim concerns the advice the defendant received from counsel." *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) (quotation marks and brackets omitted). "Thus, although challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's *advice* about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does." *Id.* at 138-39. In order to allege a successful ineffective assistance of counsel claim, a defendant must demonstrate that (1) his counsel's performance was unreasonably deficient under prevailing professional standards; and (2) but for counsel's unprofessional errors, there exists a reasonable probability that the result would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

5

Here, Reap's claim that he was denied effective assistance of counsel is premised on his belief that the plea agreement and appeal waiver are so "egregious" and one-sided that no reasonable attorney would counsel his or her client to agree to them. Def. Br. at 43. As discussed above, however, Reap's plea agreement can in no way be construed as being "egregious" or invalid for lack of consideration from the government. To the contrary, the record makes clear that Reap received substantial benefits in exchange for pleading guilty and waiving his right to appeal a sentence below 262 months' imprisonment. Moreover, for the reasons stated above, defense counsel did not encourage Reap to agree to an appeal waiver that exceeded the statutory maximum, and, in any event, the sentence ultimately imposed by the district court was well below both the actual statutory maximum and the lower maximum stated at Reap's plea allocution, thus demonstrating that Reap cannot establish prejudice from any claimed ineffective assistance.

In short, given that Reap was sentenced to a term of imprisonment well below both the statutory maximum and the sentence set forth in his appeal waiver, and in the absence of any support for Reap's contention that the waiver was unknowing, involuntary, or the product of ineffective assistance of counsel, we have no trouble concluding that the appeal waiver is valid and enforceable. For that reason, we do not reach Reap's arguments regarding the procedural and substantive reasonableness of his sentence. *See United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009) (per curiam) ("In no circumstance may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." (quotation marks and alteration omitted)).

Reap also argues, however, that there is an insufficient factual basis to support his guilty plea with respect to the Ammunition-Possession Count because he denied having knowledge of his felon status at his plea allocution, a purportedly necessary element for a conviction under 18 U.S.C. § 922(g). Although the government contends that Reap "waived this claim by pleading guilty," Gov't Br. at 21, it is well established that we may review plea proceedings, notwithstanding the existence of an enforceable appeal waiver, where the defendant "argue[s] that the district court failed to satisfy the requirement that there is a factual basis for the plea." *United States v. Adams*, 448 F.3d 492, 497 (2d Cir. 2006); *see* Fed. R. Crim. P. 11(b)(3) (setting forth requirement that district courts "determine that there is a factual basis for the plea" before entering judgment on it). Thus, notwithstanding the existence and enforceability of Reap's appeal waiver, we are nevertheless permitted (and indeed required) to address Reap's argument in this respect.

> Turning to that argument, 18 U.S.C. § 922(g) provides in relevant part that
>
> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Although the operative statute does not contain an explicit scienter provision, the penalty provision applicable to § 922 provides that "[w]hoever knowingly violates" subsection (g) "shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2). Although this Circuit has not yet addressed whether § 922(g) requires proof that the defendant knew that he had suffered a prior felony conviction, Reap here argues that "Supreme Court jurisprudence in analogous cases" unequivocally indicates that the felon-in-possession statute requires proof that a defendant knew that he was a convicted felon. Def. Br. at 47.

Defense counsel never raised any objection below to the factual basis for Reap's conviction under the felon-in-possession statute, however, thus subjecting Reap's argument in this respect to plain error review. *See Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009); Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). "[A] court of appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law." *United States v. Olano*, 507 U.S. 725, 734 (1993). Because this Circuit has not yet decided whether the felon-in-possession statute requires proof of a defendant's knowledge of his felon status (and because other Courts of Appeals have unanimously answered this question in the negative, *see, e.g.*, *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc) (collecting cases), any purported error committed by the district court was not "clear under current law," and thus not plain error.

We have considered Reap's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the appeal is **DISMISSED** in part and the judgment of the district court is **AFFIRMED** in part.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

8