THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY SCARBOROUGH, Appellant. [996 NYS2d 268]—

Judgment, Supreme Court, New York County (Laura Ward, J., at speedy trial motions; Thomas Farber, J., at hearing; Ruth Pickholz, J., at jury trial and sentencing), rendered January 19, 2011, convicting defendant of criminal sale of a controlled substance in the second degree, and sentencing him, as a second felony drug offender, to a term of six years, unanimously affirmed.

The court properly denied defendant's speedy trial motions. Initially, we note that defendant did not preserve any challenges to the court's findings relating to the time periods covered by his first motion, or his claim that, with regard to adjournments covered by the second motion, the court should have charged the People with more time than defendant requested in his moving papers. We decline to review these unpreserved claims

in the interest of justice. Defendant's main preserved claim is his assertion that the People's declaration of readiness was illusory. However, there is no evidence that the People's statement, which was made in open court and not by way of an off-calendar certificate, failed to accurately reflect their position. The People's unreadiness at subsequent calendar calls was satisfactorily explained, and nothing in *People v Sibblies* (22 NY3d 1174 [2014]) supports a contrary conclusion. In view of our conclusion that all periods of delay following the declaration at issue should be treated as postreadiness delay, we find defendant's speedy trial arguments to be unavailing.

The People established by clear and convincing evidence that there was an independent source for an in-court identification by an undercover officer, notwithstanding identifications that the court suppressed. The trained undercover officer carefully observed defendant for the purpose of making an identification, and had an ample opportunity to observe defendant during the commission of the crime (*see e.g. People v Williams*, 222 AD2d 149 [1st Dept 1996], *lv denied* 88 NY2d 1072 [1996]).

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). As noted, the identification testimony of the undercover officer was reliable. Moreover, it was corroborated by persuasive circumstantial evidence linking defendant to the drug sale. Defendant's challenge to the weight of the evidence rests largely on matters that were not introduced at trial (*see People v Dukes*, 284 AD2d 236 [1st Dept 2001], *lv denied* 97 NY2d 681 [2001]), and on a challenge to the court's identification charge that is both unpreserved and meritless. Concur—Tom, J.P., Renwick, Andrias, DeGrasse and Kapnick, JJ.