(July 13, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TED COSTA, Appellant. [55 NYS3d 651]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered April 16, 2014, as amended, June 11, 2014, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of five years, and judgment, same court and Justice, rendered February 4, 2015, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to a concurrent term of eight years, unanimously affirmed.

The court properly denied defendant's suppression motion regarding the third-degree possession charge. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *see also People v Lewis*, 136 AD3d 468 [1st Dept

2016], *lv denied* 27 NY3d 1001 [2016]). Defendant's challenge to the officer's credibility cites matters that were not introduced at the suppression hearing and thus are not properly before us (*see People v Dukes*, 284 AD2d 236 [1st Dept 2001], *lv denied* 97 NY2d 681 [2001]).

The court properly denied defendant's motion challenging the search warrant regarding the second-degree possession charge. Based on our in camera review of the unredacted search warrant affidavit, we conclude that the supporting affidavit clearly established probable cause under the *Aguilar-Spinelli* test (*see Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]).

We perceive no basis for reducing the sentences. Concur—Sweeny, J.P., Mazzarelli, Webber, Kahn and Kern, JJ.