People v Smith (2019 NY Slip Op 04332)





People v Smith


2019 NY Slip Op 04332


Decided on June 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2019

Acosta, P.J., Richter, Kapnick, Kahn, Kern, JJ.


9523 3043/12

[*1]The People of the State of New York, Respondent,
v
Osmondo Smith, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Caitlin Glass of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Chamoy of counsel), for respondent.



Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered November 12, 2016, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The initial reluctance of the eyewitnesses to provide defendant's name was satisfactorily explained, and their testimony was corroborated by other evidence. Defendant's arguments concerning matters not presented to the jury is unavailing, because "[o]ur review of the . . . weight of the evidence is limited to the evidence actually introduced at trial" (People v Dukes, 284 AD2d 236, 236 [1st Dept 2001], lv denied 97 NY2d 681 [2001]).
The court properly admitted two 911 calls as excited utterances. Defendant did not preserve his claim that the calls should have been excluded on the ground that the callers did not indicate that they had seen the crime, and we decline to review it in the interest of justice. As an alternative holding, we find that it was inferable from the circumstances that the callers had the opportunity to observe personally what they described to the 911 operator (see generally People v Cummings, 31 NY3d 204, 209-210 [2018]). In any event, all the information in the calls was cumulative to other evidence.
Defendant's arguments regarding a photo identification are without merit. The witness knew defendant for several years and gave the police a shortened form of his first name. The use of photographs was solely for the purpose of finding the person the witness had already named. While the truthfulness of her accusation of defendant was at issue, "suggestiveness" was not a concern (see People v Gissendanner, 48 NY2d 543, 552 [1979]).
To the extent the issue is reviewable, we find that the court providently exercised its discretion in denying defendant's request for sealed records of the deceased's arrest for assault. Defendant's claim that those sealed records contained information
relevant or helpful to his defense is based on speculation (see People v Gamble, 18 NY3d 386, 398-399 [2012]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2019
CLERK