People v Lewis (2020 NY Slip Op 03727)





People v Lewis


2020 NY Slip Op 03727


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Richter, J.P., Kapnick, Webber, Gesmer, Moulton, JJ.


11740 388/17

[*1] The People of the State of New York, Respondent,
v
Lionel Lewis, Defendant-Appellant.


Christina Swarns, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel) and Kirkland & Ellis LLP, New York (Stefan M. Miller of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered September 12, 2017, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis to disturb the jury's credibility findings. We note that "[o]ur review of the . . . weight of the evidence is limited to the evidence actually introduced at trial" (People v Dukes, 284 AD2d 236, 236 [1st Dept 2001], lv denied 97 NY2d 681 [2001]).
We find no violation of defendant's right to a public trial. The court providently exercised its discretion in excluding defendant's relative from the courtroom based on the relative's residence in the area in which the testifying undercover officer expected to continue her operations within a short time (see People v Campbell, 16 NY3d 756 [2011]; People v Alvarez, 51 AD3d 167, 175 [1st Dept 2008], lv denied 11 NY3d 785 [2008]). The court properly factored in the officer's distinctive appearance, which would readily enable defendant's relative to recognize her and reveal her identity to others, and the size of the geographic area. We have considered and rejected defendant's remaining arguments on this issue.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters of trial strategy not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that counsel's alleged omissions fell [*2]below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK