*Young v. United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

———————————————————————

DAVON YOUNG,

> *Petitioner-Appellant*,

v.                                                                              No. 21-20

UNITED STATES OF AMERICA,

> *Respondent-Appellee.*

———————————————————————

**FOR PETITIONER-APPELLANT**:   MATTHEW B. LARSEN, Federal Defenders of New York, Appeals Bureau, New York, NY.

**FOR RESPONDENT-APPELLEE**:   DEREK WIKSTROM (David Abramowicz, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Davon Young appeals from the district court's denial of his amended motion under 28 U.S.C. § 2255 to vacate his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). In an amendment to an earlier habeas petition, Young asserted that his section 922(g) conviction must be vacated under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because it was neither charged nor proven that, at the time of his possession of the firearm, he knew he had previously been convicted of a crime punishable by more than a year in prison. The district court denied the amended motion as untimely, concluding that the *Rehaif* claim did not relate back

to his earlier, timely-filed habeas motion, which had challenged his convictions under 18 U.S.C. § 924(c) based on *Johnson v. United States*, 576 U.S. 591 (2015).[1]   It alternatively held that, even if the amended motion related back and was therefore timely, the *Rehaif* claim was procedurally barred because it was not raised on direct appeal.   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Young's conviction and sentence relate to his membership in a local street gang in Yonkers, New York, known as the "Elm Street Wolves."   In late 2007 and early 2008, members of the gang – including Young – committed several armed robberies, during which they stole drugs and money from local drug dealers.   In January 2008, Young and another gang member robbed a local drug dealer named Tyrone Bergmann.   The robbery escalated, and after Bergmann shot Young's accomplice, Young shot and killed Bergmann.

Young was arrested shortly thereafter and indicted on various counts related to the murder, along with other counts charging him with robberies, firearms possession, and narcotics trafficking.   On January 28, 2011, a jury

---

[1] Young acknowledges that his *Johnson* claim has been foreclosed by this Court's decision in *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844 (2019).

returned guilty verdicts as to most of the charges against Young, including – as relevant here – one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846; three counts of gun possession during a crime of violence in violation of 18 U.S.C. § 924(c); and one count of gun possession after having been previously convicted of a felony in violation of 18 U.S.C. § 922(g).

At his September 2011 sentencing, Young faced a mandatory minimum term of imprisonment of sixty-five years: a mandatory ten-year sentence for the drug conspiracy; a mandatory consecutive sentence of five years for the first of the three section 924(c) conviction; and two mandatory consecutive twenty-five-year sentences for each of the two subsequent section 924(c) convictions. The district court imposed this mandatory minimum sentence, along with concurrent sentences on the remaining counts – including a concurrent sentence of ten years' imprisonment for the section 922(g) violation. This Court affirmed Young's convictions and sentence on direct appeal. *United States v. Young*, 561 F. App'x 85, 87 (2d Cir. 2014).

Although Young did not challenge his felon-in-possession conviction on direct appeal, he now argues that this conviction must be vacated because the government failed to prove that he had knowledge of his felon status at the time

4

he possessed the gun – a required element of proof after *Rehaif,* which was decided eight years after Young's sentencing.[2]  "We review de novo the question whether procedural default of a claim raised for the first time on collateral review may be excused."  *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012).  Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, he must show "(1) good cause to excuse the default and ensuing prejudice, or (2) actual innocence."  *Id. (*citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  Here, Young argues that his default is excused under the cause-and-prejudice standard, rather than by actual innocence.

"In order to demonstrate cause, a defendant must show some objective factor external to the defense, such that the claim was so novel that its legal basis was not reasonably available to counsel."  *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019) (internal quotation marks, citations, and brackets omitted).  "Novelty, or futility, however, 'cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.'"  *Id*. at 84–85 (quoting *Bousley*, 523 U.S. at 623).

---

[2] The government argues that we should not reach either the relation-back or procedural-default issues because Young would have been subject to the same mandatory minimum at the time of his sentencing even without the section 922(g) conviction.  Having previously certified these issues for appeal, we decline to avoid reaching them on that basis.

Young argues primarily that he had cause for failing to raise the challenge to his section 922(g) conviction on direct appeal because – prior to *Rehaif*, which was decided in 2019 – every federal court of appeals to have addressed the issue held that section 922(g) required the government to prove that a defendant knowingly possessed a firearm, but not that the defendant knew he belonged to one of the classes of individuals prohibited from possessing a firearm.  Notably, however, the Second Circuit had not addressed the issue.  *See, e.g.*, *United States v. Reap*, 391 F. App'x 99, 104 (2d Cir. 2010) (rejecting a similar challenge to a section 922(g) conviction under plain error review because "this Circuit has not yet decided whether the felon-in-possession statute requires proof of a defendant's knowledge of his felon status," so "any purported error committed by the district court was not 'clear under current law,' and thus not plain error"); *United States v. Reyes*, 194 F. App'x 69, 70–71 (2d Cir. 2006) (acknowledging "persuasive force" of argument that prosecution must prove defendant's knowledge of felon status, but declining to reach the issue on harmless error review).

Young nonetheless appears to argue that because every *other* circuit had rejected this argument, he was justified in not bringing it *here*.  But "[t]he futility test to excuse a default is strict:  'the question is not whether subsequent legal

6

developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all.'" *United States v. Thorn*, 659 F.3d 227, 233 (2d Cir. 2011) (quoting *Smith v. Murray*, 477 U.S. 527, 537 (1986)). At the time of Young's direct appeal, the argument that the felon-in-possession statute required the government to prove a defendant's knowledge of his felon status was clearly available to counsel; it had been raised by other litigants throughout the country for years. *See e.g.*, *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (holding that knowledge of one's prohibited status is not an element of a section 922(g) offense and collecting cases where issue had been raised). Most importantly, the issue had been raised in, and expressly left open by, this Court. *See Reap*, 391 F. App'x at 104; *Reyes*, 194 F. App'x at 70–71.

Accordingly, Young cannot show the requisite cause for failing to raise this claim on direct review, and "we need not address the further requirement of prejudice." *Thorn*, 659 F.3d at 233. The claim is therefore procedurally barred, and we affirm the district court's decision on that basis. Further, because procedural default is an independent basis to affirm the district court's judgment, we do not reach the issue of whether Young's *Rehaif* claim related back to his *Johnson* claim.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court