

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2004

# USA v. Worrells

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2399

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Worrells" (2004). *2004 Decisions.* Paper 819.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/819

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2399
No. 03-3290

UNITED STATES OF AMERICA

v.

DAVID WORRELLS,
a/k/a KERNEL

David Worrells,

Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 00-CR-313-02)
District Court Judge: Honorable J. Curtis Joyner

Argued March 29, 2004

Before: ALITO, FISHER, and ALDISERT, Circuit Judges.

Hope C. Lefeber
Suite 1000
1420 Walnut Street
Philadelphia, PA 19102

*Counsel for Appellant*

Kathy A. Stark (Argued)
Suite 1250
Office of the United States
Attorney
615 Chestnut Street
Philadelphia, PA 19106

*Counsel for Appellee*

(Opinion Filed: April 19, 2004)

---

OPINION OF THE COURT

---

PER CURIAM:

This is an appeal from a judgment in a criminal case. We find Worrells' claims to be without merit and therefore affirm.

First, we reject Worrells' argument that he is entitled to a new trial on the basis of newly discovered evidence. We hold that Worrells cannot satisfy the second and fifth prongs of the new trial test. See United States v. Jasin, 280 F.3d 355, 361 (3d Cir. 2002). First, even if we believe that Worrells only discovered after the trial that his cellular phone number was disconnected before the Agent's testimony, he has put forth no evidence to suggest that he used diligence during and before the trial to ascertain this fact. See United States v. Jasin, 280 F.3d 355, 361 (3d Cir. 2002). Simply put, Worrells had the same access to the phone records after trial as he had both during and before trial. Using proper diligence, Worrells could have contacted the phone company and

2

discovered that the cellular phone number in question had been disconnected prior to the time the Agent claimed that he called the number. Second, the government provided other evidence of the number, including Worrells' girlfriend's address book, see Supp. App. 223-224; 231-234; 238, which recorded his name next to the cell phone number. This identification, combined with other evidence at trial, means that we cannot conclude that "the newly discovered evidence would probably produce an acquittal." Jasin, 280 F.3d at 361.

On this basis, we also reject Worrells' contention that the District Court abused its discretion in allowing into evidence various charts showing the electronic communications between the conspirators. In addition to adequately establishing that the cell phone and other phones were linked to Worrells, the charts and exhibits were accurately explained by a government witness so as not to confuse the jury. See Supp. App. 266-267; 294-297. Thus, the District Court did not abuse its discretion in finding them more probative than prejudicial. See Federal Rules of Evidence 403 and 1006; United States v. Serafini, 233 F.3d 758, 768 fn. 14 (3d Cir. 2000).

Second, we hold that there was sufficient evidence for the jury to convict Worrells of conspiracy to distribute drugs and unlawful possession of a weapon by a felon. When the record is viewed in "the light most favorable to the government," there was "substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt." See United States v. Frorup, 963 F.2d 41, 42 (3d Cir. 1992). In

3

addition to the testimony of numerous cooperating witnesses that placed Worrells within the conspiracy as a manager, seller, and supplier of crack, see, e.g., Supp. App. 11; 21-25; 29-32; 33-34; 37-40; 41-42; 55-56; 61-63; 70; 77-81; 86-87, the police linked Worrells to other conspirators via voluminous phone records and recorded drug dealers going into and out of his mother's house (which, according to testimony, Worrells used as a stashhouse.) This was sufficient to convict Worrells of the conspiracy. As to the firearms conviction, a police officer testified that he caught Worrells riding in a car with a firearm underneath the rug in front of him. See App. 182a-186a. The officer testified that there was an obvious bulge in the rug. This was sufficient evidence for a jury to infer that Worrells (and not the owner/driver of the car) was in possession of the gun.

Third, the District Court properly determined Worrells' maximum sentence under the statute. Contrary to Worrells' argument, the District Court properly instructed the jury as to its duty to find the quantity of drugs reasonably foreseeable to each defendant in the conspiracy. The jury found that the quantity for Worrells was at least 1.5 kilograms, enough to place him in the statutory maximum of life imprisonment. See 21 U.S.C. 841(b)(1)(A). As such, there was no error under Apprendi v. New Jersey, 530 U.S. 466 (2000). Moreover, the District Court properly determined that Worrells was responsible for more than 1.5 kilos of crack (enough to place him in the highest guidelines category) based on the evidence mentioned above. See United States v. Collado, 975 F.2d 985 (3d Cir. 1992).

4

Fourth, the District Court did not commit clear error when it increased Worrells' sentence based upon its factual findings that he was in possession of a gun during the crime and that he played a managerial role in the conspiracy. The police found a loaded firearm located next to Worrells at the time of his arrest.[1] Furthermore, as mentioned supra, the police also caught Worrells with a different loaded firearm while he was driving with a co-conspirator. This provided alternative evidence for increasing Worrells' sentence.[2] The government also presented sufficient evidence, again mentioned supra, to show that Worrells played a managerial role in the conspiracy.

For the above reasons, we affirm.

---

[1]The jury specifically found that Worrells was in possession of this gun. The fact that it later refused to convict him of possession of this gun did not prevent the District Court from considering the gun possession in its sentence.

[2]Worrells' argument that the government failed to link the gun to the conspiracy simply fails to state the facts accurately.