

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-23-2008

# USA v. Worrells

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4077

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Worrells" (2008). *2008 Decisions.* Paper 503.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/503

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4077
_____

UNITED STATES OF AMERICA,

v.

DAVID WORRELLS,

Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 00-cr-313-02)
District Judge: Honorable J. Curtis Joyner

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 11, 2008


Before: SLOVITER, FUENTES and ALDISERT Circuit Judges.

(Opinion Filed: September 23, 2008)

_____

1

FUENTES, Circuit Judge:

David Worrells appeals from his 40-year post-Booker resentencing for conspiracy to distribute cocaine base in violation of 21 U.S.C. §846, and possession of a firearm by a convicted felon in violation of Title 18 U.S.C. § 922(g)(1). He argues that the District Court acted unreasonably by giving undue weight to the United States Sentencing Guidelines ("Guidelines") in imposing Worrells' sentence. Worrells also argues that the District Court erred in determining the amount of cocaine reasonably attributable to Worrells, and in calculating Worrells' Guidelines range.[1]

Because we write exclusively for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case. On February 1, 2001, Worrells was found guilty by a jury of conspiracy to distribute cocaine base and possession of a firearm by a convicted felon. He was acquitted of a second count of possession of a firearm.

Applying the December 2000 version of the Guidelines, the District Court found that Worrells' base offense level was 40 because 1.5 kilograms of cocaine base were

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We exercise plenary review over a district court's interpretation of the Guidelines, reviewing its factual determinations for clear error. United States v. Grier, 475 F. 3d 556, 570 (3d Cir. 2007) (en banc). We review a district court's ultimate determination of a sentence for reasonableness under a deferential abuse of discretion standard. United States v. Gunter, 527 F.3d 282, 284 (3d Cir. 2008) (citing Gall v. United States, — U.S. —, 128 S.Ct. 586, 597-98 (2007); United States v. Cooper, 437 F.3d 324, 327-28 (3d Cir. 2006)).

2

involved in his offense and because of the proximity of the offense to a protected location. The District Court applied a two-level enhancement for possession of a dangerous weapon and a four-level enhancement for a supervisory role in the offenses resulting in a total offense level of 46. On May 24, 2001, Worrells was sentenced to life imprisonment based upon his Guidelines range.

Worrells appealed his conviction and initial sentence of life imprisonment to this Court. Worrells argued, among other things, that the District Court did not properly instruct the jury as to its duty to find the quantity of drugs reasonably foreseeable to each defendant in the conspiracy, and that the District Court did not properly determine Worrells' Guidelines range. We affirmed stating that:

> the District Court properly determined Worrells' maximum sentence under the statute. Contrary to Worrells' argument, the District Court properly instructed the jury as to its duty to find the quantity of drugs reasonably foreseeable to each defendant in the conspiracy. The jury found that the quantity for Worrells was at least 1.5 kilograms, enough to place him in the statutory maximum of life imprisonment. See 21 U.S.C. 841(b)(1)(A). As such, there was no error under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Moreover, the District Court properly determined that Worrells was responsible for more than 1.5 kilos of crack (enough to place him in the highest guidelines category) based on the evidence mentioned above. See United States v. Collado, 975 F.2d 985 (3d Cir.1992).
>
> Fourth, the District Court did not commit clear error when it increased Worrells' sentence based upon its factual findings that he was in possession of a gun during the crime and that he played a managerial role in the conspiracy. The police found a loaded firearm located next to Worrells at the time of his arrest. Furthermore, as mentioned supra, the police also caught Worrells with a different loaded firearm while he was driving with a co-conspirator. This provided alternative evidence for increasing Worrells' sentence. The government also presented sufficient evidence, again mentioned supra, to show

3

that Worrells played a managerial role in the conspiracy.

United States v. Worrells, 94 Fed. Appx. 927, 930 (3d Cir. 2004) (per curiam) (footnotes omitted).  However, we subsequently vacated the sentence and remanded for resentencing in accordance with Booker.  Order, United States v. Worrells, Nos. 01-2399, 03-3290 (March 16, 2006) (citing United States v. Booker, 543 U.S. 220 (2005)).

On September 5, 2006, the District Court held a resentencing hearing.  At the resentencing, the Government only sought a three-level enhancement for Worrells' leadership role in the conspiracy.  Consequently, the District Court found that Worrells' offense level was 45.  Nonetheless, Worrells' Guidelines range remained life imprisonment.  The District Court noted the number of people whose lives were affected by the large amount of cocaine base distributed by Worrells and his associates  (App. 82, 88), and considering "the totality of the circumstances that [Worrells] present[ed]" (App. 87), imposed a sentence of forty years' incarceration.

Worrells argues that the District Court erred in failing to require the jury to make a finding as to the drug quantity attributable to Worrells, and in submitting a "constitutionally infirm" verdict slip to the jury.  Worrells also argues that the District Court erred in imposing Guidelines enhancements for distribution of cocaine base near a protected location, for possession of a firearm, and for a managerial role in the offense. We have previously determined that "the District Court properly instructed the jury as to its duty to find the quantity of drugs reasonably foreseeable to each defendant in the

4

conspiracy [and that] the jury found that the quantity for Worrells was at least 1.5 kilograms . . ." Worrells, 94 Fed. Appx. at 930. We also determined that Worrells' Guidelines range was calculated correctly. Id. Worrells has not presented a compelling reason to revisit these determinations.[2] See In re City of Philadelphia Litig., 158 F.3d 711, 718 (3d Cir. 1998) (holding that we "will not reconsider questions that another panel has decided on a prior appeal in the same case" absent "extraordinary circumstances").

We further conclude that the federal sentence of 40 years' imprisonment was reasonable. The record is clear that the District Court adequately considered the sentencing considerations in 18 U.S.C. § 3553(a) and ultimately imposed a sentence below the advisory Guidelines range.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.

---

[2] Worrells did not raise his objection to the enhancement for distribution of cocaine base near a protected location on his previous appeal. This argument should have been raised at that time. Further, the Court notes that the enhancement was appropriate because Worrells was convicted of conspiracy to "distribute controlled substances within 1,000 feet of a school in violation of Title 21, U.S.C. § 860." See Watterson v. United States, 219 F.3d 232, 236 (3d Cir. 2000) (holding that enhancement did not apply where defendant "was not charged with or convicted of conspiracy to distribute a controlled substance in or near a school zone" (emphasis added)).

Worrells may be eligible for a reduced sentence based on the 2007 amendments to the Guidelines. This issue may be raised before the District Court. See 28 U.S.C. § 3582.