**UNITED STATES of America,
Appellee,**

v.

**George DeJESUS, Defendant–Appellant.**

No. 07–4726–cr.

United States Court of Appeals,
Second Circuit.

March 12, 2009.

Marc P. Berger, Assistant United States Attorney (Daniel L. Stein, Katherine Polk Failla, Assistant United States Attorneys, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, NY, for appellee.

Michael Young, (Joyce C. London, New York, NY, on the brief), for defendant-appellant.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant George DeJesus appeals from the October 12, 2007 judgment of the United States District Court for the Southern District of New York (Pauley, J.), convicting him, following a jury trial, of (1) conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (the "drug charge"), and (2) use and carrying of a firearm in relation to a narcotics offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (the "firearm charge"). DeJesus was sentenced principally to 300 months' imprisonment for the drug charge and 60 months' imprisonment for the firearm charge, to be served consecutively. DeJesus challenges both his conviction and his sentence. We assume the parties' familiarity with the underlying facts and procedural history of this case, as well as the issues on appeal.

I. Missing Witness Charge

DeJesus argues that the district court should have granted his request for a missing witness jury charge regarding an undercover police officer who participated in a meeting with DeJesus. At trial, DeJesus' counsel stated that he did not call the officer to testify because he predicted that the officer would have refused to be

interviewed beforehand. Defense counsel admitted, however, that he never actually attempted to interview the officer. The government represented that it would have made efforts to produce the officer for trial had defense counsel so requested, and DeJesus' counsel conceded that he had not attempted to subpoena the officer. Given that DeJesus' counsel made no effort whatsoever to interview the witness, the district court did not abuse its discretion in denying the requested missing witness charge. *See United States v. Ebbers*, 458 F.3d 110, 124 (2d Cir.2006) ("We review a district court's refusal to provide a requested missing witness instruction for abuse of discretion and actual prejudice." (citation omitted)); *United States v. Gaskin*, 364 F.3d 438, 463 (2d Cir.2004) (affirming the denial of a missing witness charge when the defense had not attempted to contact the witness).

## II. Failure to Make Specific Factual Findings in Open Court

■ DeJesus also argues that the district court failed to make specific factual findings in open court in support of its finding that he was subject to a four-level role enhancement under the Sentencing Guidelines. *See* U.S.S.G. § 3B1.1. Because DeJesus never raised this objection before the district court, we review for plain error. *United States v. Molina*, 356 F.3d 269, 277 (2d Cir.2004).

A district court has a duty to make specific factual findings in open court to support a sentencing enhancement under U.S.S.G. § 3B1.1. *See* 18 U.S.C. § 3553(c); *Molina*, 356 F.3d at 275–77. We have held that if a district court intends to rely on the factual findings in a Presentence Investigation Report ("PSR") to support

an enhancement, it must explicitly adopt the PSR in open court. *See United States v. Espinoza*, 514 F.3d 209, 212 (2d Cir. 2008) (per curiam). Here, the district court erred in failing to either make specific factual findings or adopt the PSR in open court.[1] We conclude that there was no plain error, however, because the district court adopted the PSR in its statement of reasons in the written judgment, and as DeJesus conceded at oral argument, the facts in the PSR are sufficient to support an enhancement. *See id.* (holding that "because the District Court relied on the findings in the PSR, and those findings are adequate to support the sentence, [the defendant] has not shown 'plain error' ").

## III. Prior Felony Drug Conviction Enhancement

■ DeJesus also argues that his New York State felony conviction is not a "prior" conviction subjecting him to an enhanced mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), because after his conviction he was sentenced to probation in the same dysfunctional home environment where he continued the same conduct. This argument is without merit. The charged conspiracy began two years after DeJesus' New York State conviction became final. Because DeJesus engaged in new criminal activity after his previous conviction became final, the § 841(b)(1)(A) enhancement applies. *See United States v. Martino*, 294 F.3d 346, 350–51 (2d Cir. 2002) (discussing identical language in § 841(b)(1)(B) and stating that the "dispositive question" is "whether or not the defendant ceased criminal activity after the prior conviction").

---

1. The government argues that the district court met its obligation by stating in open court that it "concurs in the probation department's recommendation that a four-level enhancement is warranted." This argument is unavailing. Accepting the probation department's recommendation is not the same as adopting its factual findings.

DeJesus further argues that his New York State felony conviction was not "final" because the conviction was replaced by a youthful offender adjudication and he served only a term of probation. This argument is also without merit. Because DeJesus was "[1] tried and convicted [2] in an adult court [3] of adult drug offenses [4] punishable by imprisonment for more than one year," DeJesus' youthful offender adjudication is a prior "felony drug offense" under § 841(b)(1)(A). *United States v. Jackson*, 504 F.3d 250, 253 (2d Cir.2007).

## IV. Consecutive Firearm Sentence

Finally, DeJesus challenges the district court's imposition of a five-year consecutive sentence pursuant to 18 U.S.C. § 924(c)(1)(A)(i) for the firearm charge, in light of the fact that he faced a mandatory minimum sentence of twenty years for the drug charge. *See* 21 U.S.C. § 841(b)(1)(A). We recently held that "the mandatory minimum sentence under Section 924(c)(1)(A) is ... inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense." *United States v. Williams*, 558 F.3d 166, 167–68 (2d Cir.2009). Accordingly, we remand to give the district court the opportunity to resentence DeJesus in light of our holding in *Williams*. *Id.*

For the reasons stated above, the judgment of conviction is AFFIRMED, and we REMAND for resentencing.