11-37-cr (L)
United States v. Thorn

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2011

(Argued: October 5, 2011    Decided: October 20, 2011)

Docket Nos. 11-37-cr (L), 11-258 (XAP)

UNITED STATES OF AMERICA,

*Appellee-Cross-Appellant*,

—v.—

JOSEPH P. THORN, a.k.a. Sealed Defendant #1,

*Defendant-Appellant-Cross-Appellee*.

Before:

JACOBS, *Chief Judge*, SACK and RAGGI, *Circuit Judges.*

On cross-appeals from a judgment of conviction of the United States District Court

for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*), amended pursuant

to 28 U.S.C. § 2255 to vacate a money laundering conspiracy count in light of United States

v. Santos, 553 U.S. 507 (2008), (1) the United States submits that (a) defendant's challenge

to the "proceeds" element of money laundering was procedurally barred from collateral

review and (b) Santos, in any event, does not apply in this case; and (2) defendant argues that

the total 132-month sentence imposed on the remaining nine Clean Air Act counts, which is

1

higher than the total 60-month sentence imposed on these counts before vacatur of the money laundering count, violates the Double Jeopardy Clause and his right to due process. Because defendant's <u>Santos</u>-based claim is procedurally barred, the money laundering count of conviction should not have been vacated. All other arguments raised by the parties on these cross-appeals are moot.

AMENDED JUDGMENT VACATED AND PRIOR JUDGMENT REINSTATED.

———————————————

PETER J. TOMAO, Law Office of Peter J. Tomao, Garden City, New York, *for Defendant-Appellant-Cross-Appellee*.

ELIZABETH S. RIKER (Craig A. Benedict, *on the brief*), Assistant United States Attorneys, Of Counsel, *on behalf of* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York, *for Appellee-Cross-Appellant*.

———————————————

REENA RAGGI, *Circuit Judge*:

In this case, in which a jury found defendant Joseph P. Thorn guilty on one count of money laundering conspiracy, <u>see</u> 18 U.S.C. § 1956(a)(1)(A)(i), (h), and nine counts of Clean Air Act violations, <u>see</u> 42 U.S.C. § 7413(c)(1), the parties cross-appeal from an amended judgment of conviction entered on December 8, 2010, in the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*), which vacated the money laundering count pursuant to 28 U.S.C. § 2255 in light of the Supreme Court's definition of "proceeds" in <u>United States v. Santos</u>, 553 U.S. 507 (2008), and resentenced Thorn to 132 months' imprisonment on the remaining Clean Air Act counts. The United

2

States submits that Thorn's sufficiency challenge to proof of "proceeds" was barred from collateral review by his failure to raise the point on direct appeal. It also argues that, in any event, Santos's holding does not apply in this case. Thorn maintains that the district court correctly vacated the money laundering count of conviction. Nevertheless, he argues that the imposition of a total 132-month prison sentence on the remaining Clean Air Act counts of conviction, for which he had previously been sentenced to a total of 60 months' imprisonment, violates the Double Jeopardy Clause and his right to due process.

For the reasons stated herein, we conclude that Thorn's sufficiency challenge to the proof of "proceeds" was procedurally barred from collateral attack and, thus, his conviction for money laundering conspiracy should not have been vacated. This renders the parties' remaining arguments moot. Accordingly, we vacate the amended judgment of December 8, 2010, and order that the amended judgment of October 4, 2006, be reinstated.

## I.     **Background**

This is the third occasion on which this court reviews cross-appeals from Thorn's conviction for money laundering and Clear Air Act violations. Because we assume familiarity with our two prior decisions, see United States v. Thorn, 317 F.3d 107 (2d Cir. 2003); United States v. Thorn, 446 F.3d 378 (2d Cir. 2006), we here discuss only those facts relevant to resolution of this appeal.

### A.     The Charged Crimes

At a four-week trial in 2000, the government demonstrated that Thorn violated the Clean Air Act and federal prohibition on money laundering by using his business, A+

3

Environmental Services, Inc. ("A+"), to operate a fraudulent scheme whereby he won bids to remove asbestos, removed that asbestos through unsafe and unlawful means, falsely represented to customers and the United States government that A+ had performed the contracted work in compliance with federal and state law, and ultimately used money obtained from such projects to conduct further illegal abatement operations. With specific reference to the money laundering count, Dawn Dayter, A+'s office manager, testified that money generated from existing illegal abatements "would be used to finance the next project," Supp. App. at 23; Thomas Perrault, A+'s general manager, detailed Thorn's practice of entering low contract bids premised on A+'s cheap and illegal "rip and skip" method of removing asbestos, and explained how A+ generated profits and secured more contracts through that strategy, id. at 9-13; and Brian Wolcott, an A+ employee, testified that it was Thorn who instructed him and other workers to "rip and skip" the asbestos, which they routinely did, id. at 21-22. Further, A+'s accounting records showed that the company earned profits from its fraudulent asbestos abatements, and Thorn himself confirmed that profitability, testifying that A+ "grew almost geometrically every year." Id. at 24; see generally United States v. Thorn, 317 F.3d at 113-14.

B.     The Judgments of Conviction

The initial judgment of conviction, entered on November 19, 2001, sentenced Thorn to concurrent terms of 60 months' imprisonment on each of the nine Clean Air Act counts and a concurrent 65-month term on the money laundering count. The district court explained that it departed from what it determined was the applicable Sentencing Guidelines range of

4

135 to 168 months' imprisonment because the conduct supporting Thorn's money laundering conviction was outside the heartland of that crime. On the parties' cross-appeals, this court disagreed both with the district court's calculation of the applicable Guidelines range and the ground for its heartland departure decision. See United Thorn, 317 F.3d at 117-24, 126-28. Accordingly, the case was remanded for resentencing. See id. at 134.

An amended judgment of conviction, entered on September 16, 2003, sentenced Thorn to concurrent 60-month prison terms on the nine Clean Air Act counts and a concurrent 168-month prison term for money laundering. The district court explained that it was departing from the recalculated Guidelines prison range of 235 to 293 months—reflecting a nine-level enhancement for creating a substantial likelihood of death or serious bodily injury, see U.S.S.G. § 2Q2.1(b)(2)—because Thorn's money laundering was not critical to the underlying fraud scheme. On cross-appeals, this court again identified error in the district court's Guidelines calculation and in its ground for departure, and remanded for resentencing. See United States v. Thorn, 446 F.3d at 388-95.

On remand, the district court recalculated Thorn's Guidelines to reflect an enhancement for abuse of a position of trust, see U.S.S.G. § 3B1.3, and to withdraw its previous departure from Thorn's criminal history category of II, resulting in a Guidelines prison range of 292 to 365 months. Exercising its discretion to impose a non-Guidelines sentence, the district court stated that it disapproved of the money laundering charge and intended to "treat the defendant's conduct as an attempt to defraud his customers" rather than as a money laundering conspiracy. Sept. 22, 2006 Tr. at 28. The amended judgment, entered

5

on October 4, 2006, sentenced Thorn to concurrent 60-month prison terms on the Clean Air Act counts and a concurrent 144-month term on the money laundering conspiracy.

C.    Thorn's § 2255 Motion

On January 21, 2009, Thorn filed a § 2255 motion to vacate his money laundering conviction for insufficient proof that the charged financial transactions involved "proceeds" as that term was defined by the Supreme Court in United States v. Santos, 553 U.S. 507.  In Santos, the Supreme Court ruled that a defendant who had used the gross receipts of an illegal lottery operation to pay his winners and runners could not be convicted of money laundering under 18 U.S.C. § 1956(a)(1)(A)(i) because the statutory term "proceeds" referenced only "net profits," not "gross receipts."  553 U.S. at 514-17 (plurality opinion). In a concurring opinion, Justice Stevens, the fifth member of the Santos majority, declined to "pick a single definition of 'proceeds' applicable to every unlawful activity."  Id. at 525 (Stevens, J., concurring in the judgment).  He concluded instead that when the predicate crime was gambling, "[t]he consequences of applying a 'gross receipts' definition of 'proceeds'. . . are so perverse that I cannot believe they were contemplated by Congress."[1] Id. at 526.

---

[1] Echoing the plurality, see United States v. Santos, 553 U.S. at 515-16, Justice Stevens described the "perverse" consequences of defining "proceeds" as "gross receipts" in terms of a "'merger' problem . . . tantamount to double jeopardy," whereby a defendant found guilty of running an illegal lottery would be necessarily guilty of money laundering, too, and be subject to the money laundering statute's greater maximum sentence, id. at 527 (Stevens, J., concurring in the judgment).  Because Thorn's claim is deemed procedurally defaulted, we do not consider the scope and effect of Santos's fractured decision. See United States v. Quinones, 635 F.3d 590, 599 (2d Cir. 2011) (discussing other circuits' differing interpretations of Santos).

The district court granted Thorn's motion to vacate. It ruled that (1) the motion was timely because it was filed within one year of the Santos decision, which was retroactively applicable to Thorn's case, see 28 U.S.C. § 2255(f)(3);[2] (2) Thorn adequately preserved his proceeds challenge on direct appeal and, even if he did not, the default was properly excused; and (3) Santos compelled vacatur of Thorn's money laundering conviction because the jury instruction had allowed conviction based on Thorn's use of the receipts—not the profits—of fraudulent asbestos abatements to promote his larger scheme.

On November 30, 2010, the district court recalculated Thorn's Guidelines sentencing range with respect to the remaining nine Clean Air Act counts and determined his Guidelines prison range to be 235 to 293 months. The district court elected to impose a non-Guidelines total sentence of 132 months' incarceration as follows: (1) concurrent 60-month prison terms on Counts 1 through 7; (2) a consecutive 60-month prison term on Count 8; and (3) a consecutive 12-month prison term on Count 9.

## II.    Discussion

Our consideration of the parties' cross-appeals begins and ends with the government's argument that Thorn's Santos-based challenge to his money laundering conspiracy conviction is procedurally barred from collateral review.

In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal. See Yick Man Mui v. United

_____

[2] Because the government does not challenge this part of the district court's ruling, we do not discuss it further.

7

States, 614 F.3d 50, 53-54 (2d Cir. 2010); Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007). An exception applies, however, if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence. See Bousley v. United States, 523 U.S. 614, 622 (1998); accord Zhang v. United States, 506 F.3d at 166. To the extent the district court concluded both that Thorn adequately preserved his challenge to the government's proof of the proceeds element of money laundering and, in any event, that he qualified for an exception to any procedural bar, these are determinations of law that we review de novo. See Fountain v. United States, 357 F.3d 250, 254 (2d Cir. 2004).

A.    Thorn Did Not Challenge the Government's Proof of "Proceeds" on Direct Appeal

The federal money laundering statute makes it a crime for any person, "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, [to] conduct[] or attempt[] to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . with the intent to promote the carrying on of specified unlawful activity." 18 U.S.C. § 1956(a)(1)(A)(i) (emphasis added) (2001). On his direct appeal, Thorn challenged the sufficiency of the evidence to satisfy the statute's promotion requirement, an argument we rejected on the merits. See United States v. Thorn, 317 F.3d at 132-33. In moving for § 2255 relief, Thorn challenged the sufficiency of the evidence to satisfy the statute's proceeds requirement. The district court concluded that Thorn's "challenge to the interpretation of the term 'promotion' was sufficiently related to the issues raised in Santos" as to the definition of proceeds "to preserve this issue for

8

collateral review." United States v. Thorn, No. 5:00cr81 (FJS), slip op. at 18-19 (N.D.N.Y. Nov. 1, 2010), ECF no. 228. We conclude otherwise.

Thorn's promotion argument maintained that "the investment of ill-gotten 'profits' into legitimate business expenses did not constitute 'promotion of specified unlawful activity.'" Id. at 19 (quoting Br. of Apellee/Cross-Appellant, United States v. Thorn (2d Cir. 2003) (Nos. 01-1669, 02-1046), 2002 WL 32302193, at *27). In short, he challenged the sufficiency of the government's proof as to his intent in engaging in specified financial transactions, a question different and independent from an inquiry into whether the monies expended qualified as proceeds under the statute. Indeed, the cases Thorn cited to support his sufficiency challenge on direct appeal all discuss the evidence necessary to demonstrate the requisite "intent to promote" unlawful activity, an element that looks to future expectations; they are not concerned with defining "proceeds" derived from a specified unlawful activity, an element that looks to past accounts. See United States v. Olaniyi-Oke, 199 F.3d 767, 770 (5th Cir. 1999); United States v. Brown, 186 F.3d 661, 668-70 (5th Cir. 1999); United States v. Jackson, 935 F.2d 832, 841 (7th Cir. 1991). Similarly, the Second Circuit cases that Thorn attempted to distinguish all focus on the intent element of promotion under the money laundering statute. See United States v. Piervinanzi, 23 F.3d 670, 679-80 (2d Cir. 1994); United States v. Skinner, 946 F.2d 176, 178-79 (2d Cir. 1991).

Thorn never contended on either of his direct appeals that the trial evidence was insufficient to prove that the transactions at issue involved the requisite proceeds or that the district court had misdefined this term for the jury. Nor did he ever posit that any

9

insufficiency in proof caused a merger problem as identified in <u>Santos</u>. <u>See</u> <u>United States</u> <u>v. Santos</u>, 553 U.S. at 515-16 (plurality opinion); <u>id.</u> at 527 (Stevens, J., concurring in the judgment). Rather, Thorn acknowledged that mail fraud and money laundering are distinct offenses, and questioned only the sufficiency of the evidence to prove the particular "intent to promote" element of the latter crime. Thus, the record refutes rather than supports Thorn's argument that, on direct appeal, "he challenged the . . . application of receipt and deposit theories to his case on functionally equivalent bases" to the <u>Santos</u>-based proceeds challenge raised for the first time in his § 2255 motion. Thorn Reply Br. at 3-4.

      B.      <u>Thorn Does Not Qualify for an Exception to Procedural Default</u>

      1.      <u>Cause</u>

Thorn contends that he established cause for any failure to preserve a sufficiency challenge to the proceeds element of money laundering because such a claim was "so novel that its legal basis [was] not reasonably available to counsel." <u>Bousley v. United States</u>, 523 U.S. at 622 (internal quotation marks omitted). We disagree. The futility test to excuse a default is strict: "the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." <u>Smith v. Murray</u>, 477 U.S. 527, 537 (1986).

By the time of Thorn's direct appeal, a number of defense attorneys had argued for a narrow construction of the term "proceeds" in various contexts, including the federal money laundering statute. This, by itself, precludes the conclusion that the argument was not available <u>at all</u> to Thorn. <u>See</u> <u>Engle v. Isaac</u>, 456 U.S. 107, 134 (1982) (holding that

10

purportedly novel claim is not cause for procedural default where "other defense counsel have perceived and litigated that claim"). While some courts rejected the argument, see United States v. Haun, 90 F.3d 1096, 1101 (6th Cir. 1996) (construing "proceeds" in money laundering statute to mean "total revenue" (internal quotation marks omitted)), abrogated by United States v. Santos, 553 U.S. 507; see also United States v. Simmons, 154 F.3d 765, 770 (8th Cir. 1998) (construing "proceeds" as "gross receipts" for purposes of RICO forfeiture statute), the question had not been conclusively decided by this court, see United States v. Monaco, 194 F.3d 381, 385-86 (2d Cir. 1999) (stating, in rejecting vagueness challenge to money laundering statute, that funds were proceeds "the moment that [defendant] realized them" from illegal activities, without addressing whether this referenced only profits or gross receipts); see also United States v. Lizza Indus., Inc., 775 F.2d 492, 498 (2d Cir. 1985) (affirming RICO forfeiture order based on "gross profits" or receipts reduced by direct, but not indirect, costs). At oral argument, Thorn's counsel contended that these Second Circuit cases signaled that this court was not likely to limit "proceeds" to net profits at the time of defendant's direct appeal. We need not attempt to read cold tea leaves because that argument is beside the point. A defendant cannot establish cause for a procedural default by showing "simply that a claim was unacceptable to that particular court at that particular time." Bousley v. United States, 523 U.S. at 623 (internal quotation marks omitted). Moreover, two months before Thorn filed his brief on direct appeal, the Seventh Circuit decided United States v. Scialabba, 282 F.3d 475 (7th Cir. 2002), expressly holding that the word "proceeds" in 18 U.S.C. § 1956(a)(1) "denotes net rather than gross income of an unlawful venture." Id.

11

at 478; see also United States v. Masters, 924 F.2d 1362, 1369-70 (7th Cir. 1991) (construing "proceeds" to mean "profits" for purposes of RICO forfeiture).

In these circumstances, we conclude that Thorn cannot carry his burden to demonstrate good cause and, therefore, we need not address the further requirement of prejudice.

### 2. Actual Innocence

Finally, Thorn submits that default should be excused because the district court's instruction to the jury, which defined "proceeds" more expansively than the Supreme Court concluded was warranted in Santos, "probably resulted in the conviction of one who is actually innocent." Bousley v. United States, 523 U.S. at 623 (internal quotation marks omitted). In order to demonstrate his actual innocence, Thorn must prove his "factual innocence, not mere legal insufficiency," and "demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Id. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)); accord Sweet v. Bennett, 353 F.3d 135, 142 (2d Cir. 2003). For purposes of this analysis, we assume, without deciding, that the retroactive application of Santos would have required proof that Thorn conspired to launder the profits—and not simply the receipts—of his fraudulent asbestos abatement scheme. A review of the totality of the evidence, even in light of this assumption, defeats any contention that "it is more likely than not that no reasonable juror would have convicted" Thorn of laundering the profits of the asbestos abatement fraud. Bousley v. United States, 523 U.S. at 623 (internal quotation marks omitted).

12

A+'s account manager testified that the company used money realized from existing asbestos abatement jobs to finance new projects. That the realized monies included profits was established by documentary and testimonial evidence that A+ employees removed asbestos without following mandated federal and state safety protocols "[p]retty much all the time," Supp. App. at 22; that this allowed the company to squeeze profits from low-bid jobs; and that A+ was profitable throughout the period of charged criminal activity, so much so that Thorn himself stated that the company "grew almost geometrically every year," id. at 24. This evidence so convincingly shows that Thorn used financial transactions based on realized profits of unlawful activity to promote the growth of his unlawful scheme that, even with the benefit of Santos, Thorn cannot satisfy the actual-innocence exception to procedural default.

## III. Conclusion

Thorn's § 2255 motion to vacate his money laundering conviction on grounds of insufficient evidence of transactions in "proceeds," as defined by Santos, should have been denied because Thorn's claim was procedurally defaulted. Thorn did not raise a proceeds challenge on direct appeal and cannot show either cause and prejudice or actual innocence to excuse that default. To the extent the district court concluded otherwise and vacated the money laundering conviction, we REVERSE that decision, VACATE the amended judgment of conviction and 132-month sentence entered on December 8, 2010, and REINSTATE the prior judgment of conviction and 144-month sentence entered on October 4, 2006. Any remaining issues raised by the parties on their cross-appeals of the vacated judgment are dismissed as moot. The mandate shall issue forthwith.

13