11-5187-cr
United States v. DeJesus

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand thirteen.

PRESENT:   PIERRE N. LEVAL,
                     REENA RAGGI,
                              *Circuit Judges*,
                     KENNETH M. KARAS,
                              *District Judge*.[*]

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                              *Appellee*,

                    v.                                                    No. 11-5187-cr

GEORGE DEJESUS,
                              *Defendant-Appellant*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:          DANIEL M. PEREZ, Esq., Newton, NJ.

APPEARING FOR APPELLEE:           MARC P. BERGER, (Justin S. Weddle, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

[*]   The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (William H. Pauley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 12, 2007, and the order denying DeJesus's motion for resentencing entered on November 28, 2011, are AFFIRMED.

Defendant George DeJesus, who is serving consecutive 300- and 60-month prison terms for conspiracy to distribute heroin, see 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and carrying and brandishing a firearm in connection with drug trafficking, see 18 U.S.C. § 924(c)(1)(A)(ii), appeals this sentence, arguing that his attorney was constitutionally ineffective on remand in failing to move for resentencing without delay in light of our decision in United States v. Williams, 558 F.3d 166, 167–68 (2d Cir. 2009). Although a petition pursuant to 28 U.S.C. § 2255 is generally the preferred vehicle for asserting an ineffectiveness claim, see Massaro v. United States, 538 U.S. 500, 504–05 (2003), where, as here, the record permits us to resolve the claim without doubt, we may do so on direct appeal, see United States v. Khedr, 343 F.3d 96, 100 (2d Cir. 2003); accord United States v. Hasan, 586 F.3d 161, 170 (2d Cir. 2009). In reviewing DeJesus's Sixth Amendment claim de novo, see Morales v. United States, 635 F.3d 39, 43 (2d Cir. 2011), we assume the parties' familiarity with the facts and records of prior proceedings, which we reference only as necessary to explain our decision to affirm.

A defendant claiming ineffective assistance of counsel must show that (1) his lawyer's performance fell below an objective standard of reasonableness, and (2) defendant thereby suffered actual prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984); accord Morales v. United States, 635 F.3d at 43. To satisfy the first requirement, DeJesus points to his lawyer's failure to seek resentencing in the nine-month interval between the April 7, 2009 issuance of this court's mandate remanding his case and the Supreme Court's January 25, 2010 grant of certiorari in Abbott v. United States, 131 S. Ct. 18 (2010), a case that ultimately abrogated our decision in Williams, see id. at 23–24. We need not decide whether this omission was objectively unreasonable because DeJesus cannot show a reasonable probability that, but for counsel's conduct, the result on resentencing would have been different, as required to demonstrate prejudice. See Strickland v. Washington, 466 U.S. at 694; United States v. Brown, 623 F.3d 104, 112 (2d Cir. 2010).

First, DeJesus cannot show that he would, in fact, have been sentenced before the grant of certiorari in Abbott, given (1) the pendency of a petition for rehearing en banc of Williams in this court as of June 22, 2009, and (2) the United States Attorney's routine requests to delay resentencing pursuant to Williams remands pending further review in this court and the Supreme Court.

Second, and in any event, DeJesus cannot show that, if resentenced earlier, he would have received a shorter term of incarceration. This court's remand order did not require the district court to reduce DeJesus's total prison sentence; it merely remanded "to give the

district court <u>the opportunity</u> to resentence DeJesus in light of our holding in <u>Williams</u>." <u>United States v. DeJesus</u>, 314 F. App'x 386, 389 (2d Cir. 2009) (emphasis added).  Thus, while DeJesus could certainly have argued for concurrent sentences, <u>Williams</u> neither required the district court to grant that request, nor precluded it from using concurrent sentences to achieve the same total incarceratory term it had originally imposed through consecutive sentences.

Third, and most important, DeJesus cannot show that if he had received a reduced sentence on remand, that sentence could have survived government appeal in light of the grant of <u>certiorari</u> and ultimate decision in <u>Abbott</u>.

In sum, because DeJesus cannot demonstrate prejudice, his ineffective assistance of counsel claim fails.  We have considered DeJesus's remaining arguments and find them to be without merit.  Accordingly, the district court's judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4