*DeJesus v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand eighteen.

Present:    ROBERT A. KATZMANN,
                            *Chief Judge*,
                GUIDO CALABRESI,
                RAYMOND J. LOHIER, JR.,
                            *Circuit Judges*.

_____

GEORGE DEJESUS,

                            *Petitioner-Appellant*,

                    v.                                                  No. 17-4127

UNITED STATES OF AMERICA,

                            *Respondent-Appellee.*

_____

For Petitioner-Appellant:        Aaron J. Mysliwiec, Miedel & Mysliwiec LLP, New York, NY.

For Respondent-Appellee:        Amanda L. Houle, Anna M. Skotko, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant George DeJesus appeals the district court's denial of his habeas petition seeking resentencing. "We review a district court's findings of fact for clear error, and its denial of a Section 2255 petition *de novo.*" *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010).[1] We assume familiarity with the underlying facts, the procedural history, and the issues presented for review.

DeJesus asserts that the jury in his drug conspiracy trial did not find beyond a reasonable doubt that the distribution of at least one kilogram of the heroin sold by the organization he ran was reasonably foreseeable to him, as required to raise his mandatory minimum under *Alleyne v. United States*, 570 U.S. 99 (2013). However, DeJesus concedes that he did not raise this reasonable foreseeability argument on direct appeal. *See United States v. DeJesus*, 314 F. App'x 386, 387-89 (2d Cir. 2009) (summary order). "In failing to do so, petitioner procedurally defaulted the claim he now presses on us." *Bousley v. United States*, 523 U.S. 614, 621 (1998). As DeJesus has not argued actual innocence on this appeal, he can excuse his default only if he can establish "cause for the failure to bring a direct appeal and actual prejudice from the alleged violations." *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007).

DeJesus asserts that the law in this Circuit, at the time of his direct appeal, did not clearly require that the jury find that the quantity of controlled substances involved was reasonably foreseeable. But "the question is not whether subsequent legal developments have made

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

counsel's task easier, but whether at the time of the default the claim was 'available' at all."
*United States v. Thorn*, 659 F.3d 227, 233 (2d Cir. 2011) (quoting *Smith v. Murray*, 477 U.S.
527, 537 (1986)). Therefore, to show cause, a petitioner must demonstrate that the argument now
raised "was so novel that its legal basis was not reasonably available to counsel" at the time of
his direct appeal. *Id.* DeJesus cannot meet this test.

In *United States v. Adams*, decided a month before the start of DeJesus's trial, this court
held that to increase the mandatory minimum for a drug conspiracy offense under 21 U.S.C.
§ 841(b)(1)(A), "we require proof that . . . drug type and quantity were at least reasonably
foreseeable to the co-conspirator defendant." 448 F.3d 492, 499 (2d Cir. 2006). DeJesus
contends that *Adams* did not clearly require that a jury find reasonable foreseeability beyond a
reasonable doubt. While *Adams* did not say as much explicitly, this court allowed the defendant
to withdraw from his plea agreement and vacated his conviction because the district court "did
not determine *at the time of the taking of the plea* whether" the drug quantity at issue was
reasonably foreseeable to him. *Id.* at 500. *Adams* clearly determined that proof of reasonable
foreseeability was a necessity for conviction under § 841(b)(1)(A), not merely for sentencing.
This alone was enough for DeJesus's argument to have been available to him on direct appeal.

Furthermore, a year prior to DeJesus's trial, this court noted that when a fact "raises a
mandatory minimum sentence under § 841, it simultaneously raises a corresponding maximum,"
and determined that "[i]t would turn [the *Apprendi*] rule on its head to conclude that a fact . . . is
not an element of the crime that must be pleaded and proved beyond a reasonable doubt . . .
because it increases the mandatory minimum sentence as well as the maximum." *United States v.
Gonzalez*, 420 F.3d 111, 126-27 (2d Cir. 2005). These statements from *Gonzalez*, combined with
the holding in *Adams* that the prosecution must prove reasonable foreseeability to obtain

enhanced penalties under § 841(b), make clear that the argument that the jury had to find reasonable foreseeability beyond a reasonable doubt was "available" to DeJesus at the time of his original appeal.

Indeed, by the time DeJesus filed his opening brief on direct appeal, numerous defendants had made this exact argument in other circuits. *See, e.g.*, *United States v. Seymour*, 519 F.3d 700, 703 (7th Cir. 2008); *United States v. Worrells*, 94 F. App'x 927, 930 (3d Cir. 2004) (summary order), *vacated in part on reh'g*, Mar. 16, 2006; *Derman v. United States*, 298 F.3d 34, 42 (1st Cir. 2002). The Fourth Circuit had already accepted this argument. *United States v. Collins*, 415 F.3d 304, 314 (4th Cir. 2005). The fact that other defense attorneys had previously made the same claim that DeJesus now presses supports our conclusion that the argument was in fact available. *See Thorn*, 659 F.3d at 233.

Because DeJesus cannot demonstrate cause, his default cannot be excused. We therefore need not and do not consider whether the trial court's error prejudiced DeJesus. We have considered all of DeJesus's arguments on appeal and find in them no basis for reversal. For the foregoing reasons, we hereby **AFFIRM** the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK